**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

_____

ARTHUR H. COBB and
GEORGE L. SALY,

        Plaintiffs,

and

AMELIA "AMY" COBB and          **MEMORANDUM OF LAW &**
                                                     **ORDER**
DIANA SALY,                                Civil File No. 05-2439 (MJD/AJB)

        Intervenors,

v.

UNITED STATES DEPARTMENT
OF EDUCATION, OFFICE FOR CIVIL
RIGHTS, et al.,

        Defendants.
_____

Lora Mitchell, Fredrikson & Byron, P.A., Counsel for Intervenors.

Mary Jo Madigan, Assistant United States Attorney, counsel for United States Department of Education Office for Civil Rights and on behalf of Margaret Spellings, Algis Tamosiunas, Judith E. Levitt, and Linda A. McGovern.
_____

**I.**    **INTRODUCTION**

      This matter is before the Court on Amelia "Amy" Cobb and Diana Saly's

("Intervenors") Motion to Intervene [Docket No. 14] in this action.

1

## II.     FACTUAL BACKGROUND

Intervenors Cobb and Saly are female former Minnesota interscholastic high school hockey players. (Mitchell Aff. Ex. A at 1.)  Both Cobb and Saly currently attend college and are the adult daughters of Plaintiffs Arthur H. Cobb and George L. Saly.  (Id. at 2-3.)  Defendants are the Department of Education ("DOE"), Office for Civil Rights ("OCR"), as well as DOE employee Margaret Spellings, and OCR employees Algis Tamosiunas, Judith E. Levitt, and Linda A. McGovern.

On September 19, 2005, Plaintiffs filed a Complaint alleging four causes of action: Count I alleges violations of equal protection rights pursuant to 42 U.S.C. §1983; Count II claims discrimination pursuant to Title IX; Count III alleges that OCR aided and abetted sex discrimination caused by the Minnesota State High School League ("League"); and Count IV alleges conspiracy to discriminate on the basis of sex pursuant to 42 U.S.C. §1985(3).

Plaintiffs seek declaratory and injunctive relief, as well as fees and costs. Specifically, Plaintiffs seek a declaratory judgment that OCR and the several named employees applied incorrect standards and requirements and /or incorrectly applied standards and requirements in investigating, monitoring, concluding and reconsidering complaints, and that Defendants OCR and Linda McGovern failed to grant or provide genuine administrative remedies.  Plaintiffs

also seek a declaratory judgment that "equal" is the correct standard in investigating, monitoring and closing discrimination claims under Title IX. Plaintiffs request an injunction requiring Defendants to follow and apply the standards and requirements of Title IX.  Finally, Plaintiffs seek attorneys' fees and costs, to be determined at trial.

Defendants moved to dismiss the Complaint on December 22, 2005, for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) on the basis that Plaintiffs lacked standing to pursue their claims.  Defendants also moved to dismiss for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

On June 16, 2006, this Court issued an Order [Docket No. 12], finding that Plaintiffs lacked standing to pursue their claims and concluding that Plaintiffs may have intended to bring this action on behalf of their daughters.  The Order granted a thirty-day extension to allow Intervenors to intervene in this action.  On July 13, 2006, Intervenors filed the instant motion.  In the Intervention Complaint, Intervenors state that they seek damages to be determined at trial, in addition to the declaratory and injunctive relief set forth in Plaintiffs' Complaint.  (Mitchell Ex. A at 6.)

**III.   DISCUSSION**

 **A.   Motion for Intervention**

### 1. Permissive Intervention Pursuant to Rule 24(b)

Intervenors seek to intervene pursuant to Federal Rule of Civil Procedure 24(b). Rule 24(b) provides:

> [u]pon timely application anyone may be permitted to intervene in an action . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

The decision to grant or deny a motion for permissive intervention is wholly discretionary, and is reviewed under an abuse of discretion standard. South Dakota v. United States Dept. of Interior, 317 F.3d 783, 787 (8th Cir. 2003).

The first requirement for permissive intervention is a timely motion. The parties do not contest the timeliness of the motion. On June 16, 2006, the Court issued an order allowing Intervenors thirty days to intervene in this action. The motion to intervene was filed within this time. Thus, the Court finds that the motion is timely.

The second requirement for permissive intervention is a question of law or fact in common with the underlying action. Intervenors' Complaint states that they seek the relief outlined in Plaintiffs' Complaint. Essentially, Plaintiffs sought relief on behalf of Intervenors, and Intervenors now seek to join their fathers as Plaintiffs in this action. Thus, the Court finds that the factual and legal issues involved are identical.

The principal consideration in ruling on a Rule 24(b) motion is whether the proposed intervention would unduly delay or prejudice the adjudication of the parties' rights.  Id.  Defendants do not object to intervention on these grounds and the Court finds no evidence of undue delay or prejudice to the parties.  Accordingly, Intervenors satisfy the requirements for permissive intervention pursuant to Rule 24(b).

### 2.    Standing

Defendants assert that Intervenors' motion must be denied because they lack standing to pursue this action.  Defendants argue that standing requires the presence of a live case or controversy, and that past injuries are not sufficient unless there is a real or immediate threat that the party will be injured in a similar way.  Thus, Defendants argue that because Intervenors graduated from high school, they are no longer at risk of injury.  Defendants further claim that Intervenors lack standing because their injuries were caused by the League, not by Defendants.  Defendants contend that Intervenors injuries are not redressable by this Court because they do not seek either damages or a present injunction.  Finally, Defendants argue that the dispute is moot because the girls' hockey tournament is now played in the same arena as the boys' hockey tournament.

Intervenors counter that it is clear that they suffered injuries.  Thus, according to Intervenors, the focus of the current inquiry is solely whether the

remedies they seek are stale. The action is not moot, Intervenors claim, because in their Complaint they seek monetary damages, as well as declaratory and injunctive relief. As to causation, Intervenors assert that OCR's failure to investigate complaints concerning the League's conduct caused their injuries. Intervenors note that their injuries are redressable by monetary damages and declaratory relief. As to injunctive relief sought, Intervenors urge the Court that dismissal of this remedy would be premature at this stage of the litigation.

Article III of the Constitution limits the power of the federal courts to deciding only actual "cases" and "controversies." U.S. Const., art. III, § 2, cl. 1; Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992); Allen v. Wright, 468 U.S. 737, 750 (1984). In order for a federal court to exercise jurisdiction over a case or controversy, a plaintiff must have standing to pursue the claim. The constitutional requirements of standing limit federal courts to deciding only cases where the plaintiffs can show a "personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Allen, 468 U.S. at 751. In addition to alleging a direct injury, plaintiffs must prove a causal connection between the injury and the conduct subject to complaint and it must be likely as opposed to speculative that the injury will be redressed by a favorable decision. Lujan at 560. In addition, the Eighth Circuit has held that Article III standing requires a "definite and concrete controversy involving adverse

legal interests at every stage in the litigation." <u>McFarlin v. Newport Special Sch. Dist.</u>, 980 F.2d 1208, 1211 (8th Cir. 1992) (citation omitted).  Thus, the action must present a "live" controversy– if a federal court can no longer grant effective relief because of the passage of time or change in circumstances, the case is moot. <u>Ali v. Cangemi</u>, 419 F.3d 722, 723 (8th Cir. 2005) (en banc); <u>see</u> <u>also</u> <u>Powell v. McCormack</u>, 395 U.S. 486, 496 (1969).

Intervenors allege personal injuries, caused by Defendants' failures to enforce Title IX, that may be redressed by an award of damages.  Thus, the only consideration is whether Intervenors' claims are moot because they are no longer Minnesota interscholastic high school hockey players.  The Court determines that Intervenors' claims are not moot.

Intervenors seek compensatory damages, as well as declaratory and injunctive relief.  A legitimate, non-speculative claim for compensatory damages is not mooted by a change in circumstances.   In <u>McFarlin</u>, the court found that the plaintiff's graduation from high school did not moot her claim for damages for alleged violations of her civil rights, as the issue of damages continued "to present a live controversy which may be litigated in the district court." 980 F.2d at 1211. <u>See</u> <u>also</u> <u>Stephenson v. Davenport Community Sch. Dist.</u>, 110 F.3d 1303, 1306 n.3 (8th Cir. 1997) (finding former high school student's graduation irrelevant for purposes of mootness because claim sought damages.); <u>Gibson v. DuPree</u>, 664

F.2d 175, 177 (8th Cir. 1981) ("[D]amage claims are seldom moot. A viable claim for damages ensures the existence of a live controversy appropriate for judicial resolution . . . ."). Accordingly, Intervenors' claims are not moot because they seek damages as a result of their alleged injury caused by OCR's alleged failure to enforce Title IX. As to Intervenors' claims for declaratory and injunctive relief, the Court finds that a ruling on the availability of these forms of relief would be premature at this time, and may be addressed by the parties in subsequent filings.

In addition, the Court notes that per its Order dated June 16, 2006, the Plaintiffs in this matter are dismissed for lack of standing. (Order at 19.)

**IT IS HEREBY ORDERED** that:

1) The Motion to Intervene [Docket No. 14] is **GRANTED**.

2) The Motion to Dismiss Plaintiffs Arthur H. Cobb and George L. Saly [Docket No. 4] is **GRANTED**.

Dated: September 18, 2006                s/ Michael J. Davis
                                         Judge Michael J. Davis
                                         United States District Court